UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BEVERLY ELAINE NELSON | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 14-10234-DJC |
| THOMAS M. HODGSON, SHERIFF, et al., | ) ) ) | |
| Respondents. | ) ) | |

MEMORANDUM AND ORDER

**CASPER, J.**                                                                                                                                                           May 27, 2014

For the reasons set forth below, the Court denies the motion to stay deportation, denies the petition for a writ of habeas corpus and dismisses this action.

BACKGROUND

Beverly Elaine Nelson ("Nelson"), an immigration detainee housed at the Bristol County House of Correction, filed a forty-three page pleading[1] "in the nature of a writ of habeas corpus" on January 30, 2014. D. 1. A search of the federal Judiciary's Public Access to Court Electronic Records (PACER) service reveals that Nelson was found guilty, after a jury trial in the District of Maryland, of reentry of a deported alien after an aggravated felony conviction and was sentenced to 27 months imprisonment. United States v. Nelson, Criminal No. AW-12-61 (D. Md. ), aff'd , No. 12-4917 (4th Cir. Jun. 13, 2013).

---

[1]The pleading is entitled "TAKE JUDICIAL NOTICE AND ADMINISTRATIVE NOTICE; IN THE NATURE OF A WRIT OF HABEAS CORPUS, A DEMAND FOR DISMISAL FOR FAILURE TO STATE THE PROPER JURISDICTION AND VENUE/AND TO DISCHARGE AND RELEASE PETITIONER." D. 1.

This habeas action was commenced one week after Nelson's release from custody of the Federal Bureau of Prisons ("BOP"). http://www.bop.gov/inmateloc (last visited Apr. 2, 2014). She was apparently transferred from BOP custody into the immigration detention system and is now detained at the Bristol County House of Correction and Jail. On April 30, 2014, Nelson filed a Motion to Stay Deportation. D. 9.

As best can be gleaned from the petition and accompanying exhibits, Nelson challenges (1) the deportation order of the immigration court in Arlington, Virginia, as well as (2) the criminal conviction and sentence entered by the United States District Court for the District of Maryland. Specifically, Nelson seeks an "Order Dismissing Case Nos. 8:12-CR-0061 [and the immigration action] for lack of Jurisdiction of the Subject Matter." D. 1 at page 5.

As to the United States District Court, Nelson argues that it "is not a true United States court established under Article III of the Constitution to administer the judicial power of the United States therein conveyed." Id. at p. 37. As to the immigration court, Nelson argues that it "lacked jurisdiction of the subject matter [and is not an Article II court with] authority by Congress to rule on constitutional issues as or cases such as Petitioner's, but [is an administrative court] governed by the APA with limited power." Id. at p. 40.

Because Nelson is proceeding pro se, her pleadings are construed liberally. See e.g. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); United States v. Ciampi, 419 F.3d 20, 24 (1st Cir.2005); Prou v. United States, 199 F .3d 37, 42 (1st Cir.1999).

I. **Nelson's Challenge to Immigration Removal Proceedings**

To the extent Nelson seeks judicial review of the immigration judge's order of removal, such review is governed by section 242 of the Immigration and Nationality Act (INA), as amended by

the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), 8 U.S.C. § 1252. Under the Real ID Act, Pub.L. No. 109–13, 119 Stat. 231, 302 (2005), this court is without jurisdiction to entertain a challenge to a removal order or to the execution of a removal order. See 8 U.S.C. § 1252(a)(5) (providing that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal ...."); 8 U.S.C. § 1252(g) (except as provided for in the statute, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to ... execute removal orders ....").

The Real ID Act "deprives the district courts of jurisdiction in removal cases." Ishak v. Gonzales, 422 F.3d 22, 27–28 (1st Cir. 2005). Section 1252(a)(5) explains, in no uncertain terms, that:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, ... a petition for review filed with an appropriate court of appeals in accordance with this section *shall be the sole and exclusive means for judicial review* of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section.

8 U.S.C. § 1252(a)(5) (emphasis added).

Thus, this court lacks authority to issue a stay of deportation. The provisions of the Real ID Act preclude this court from entering an order staying petitioner's removal. See e.g., Scott v. Napolitano, 618 F. Supp. 2d 186, 191 (E.D.N.Y. 2009) (the "provisions of § 1252 operate to strip district courts of jurisdiction to stay an order of removal, as well"); Tejada v. Cabral, 424 F. Supp. 2d 296, 298 (D. Mass. 2006) (even when a district court has jurisdiction over a habeas petition challenging an underlying state criminal conviction, a petitioner in immigration detention must "request a stay of his order of removal from the appropriate court of appeals").

3

Even if some of Nelson's claims concerning the immigration proceedings are distinct from a challenge to a removal order, the Court is still without subject-matter jurisdiction over her claims. In enacting 8 U.S.C. § 1252(b)(9), Congress attempted to direct challenges to removal proceedings through defined administrative channels. This statute, entitled "consolidation of questions for judicial review," states in part:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States ... shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under Section 2241 of Title 28 or any other habeas corpus provision ... or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9). Thus, where a claim concerning a removal proceeding can "effectively be handled through the available administrative process," it is subject to the limitations on judicial review set forth in § 1252(b)(9). Aguilar v. U.S. Immig. & Customs Enf. Div. of the Dep't of Homeland Sec., 510 F.3d 1, 11 (1st Cir. 2007).

**III.     Nelson's challenge to her criminal conviction and sentence**

Under 28 U.S.C. § 2255, a federal prisoner who claims that her "sentence was imposed in violation of the Constitution or laws of the United States" may "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). It is well settled that a prisoner must pursue a collateral attack pursuant to § 2255 before the sentencing court rather than through a § 2241 habeas petition in the district in which she is incarcerated. United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999), cert. denied, 528 U.S. 1176 (2000); see Rogers v. United States, 180 F.3d 349, 357 n.15 (1st Cir. 1999) cert. denied, 528 U.S. 1126 (2000) (motion under § 2255 is the "exclusive remedy in the sentencing court for any errors occurring at or prior to

sentencing, including construction of the sentence itself"); Gonzalez v. United States, 150 F. Supp. 2d 236, 241 (D. Mass. 2001). Section 2255 relief is available when a petitioner demonstrates that her sentence "(1) was imposed in violation of the Constitution, or (2) was otherwise subject to collateral attack." Moreno-Morales v. United States, 334 F.3d 140, 148 (1st Cir. 2003) (citing Davis v. United States, 134 F.3d 470 (1st Cir. 1988)).

A federal prisoner cannot challenge the legality of her sentence through an application for a writ of habeas corpus under 28 U.S.C. § 2241 unless it appears that a § 2255 motion is "inadequate or ineffective to test the legality of his detention."[2] 28 U.S.C. § 2255(e); see also Barrett, 178 F.3d at 38 (explaining that a federal prisoner "cannot evade the restrictions of § 2255 by resorting to the habeas statute, 28 U.S.C. § 2241, or the All Writs Act, 28 U.S.C. § 1651), cert. denied, 528 U.S. 1176 (2000).

Courts only allow recourse to the savings clause "in rare and exceptional circumstances," such as those where the restrictions on § 2255 motions would result in a "complete miscarriage of justice." Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (quoting in part In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). "Most courts have required a credible allegation of actual innocence to access the savings clause." Id.; see Barrett, 178 F.3d at 52-53 (discussing availability of § 2241 where a petitioner claims "actual innocence").

---

[2]The savings clause states, in relevant part:

> An application for a writ of habeas corpus...shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of detention.

28 U.S.C. § 2255.

Here, Nelson has not attempted to show that she satisfied this exception as to allow for the filing of the petition under § 2241 and the Court cannot ascertain any credible reason why a motion under § 2255 would be ineffective or inadequate. Nelson has not raised any exceptional circumstances showing that it would be a complete miscarriage of justice if she was not permitted to bring a § 2241 petition. Therefore, this Court lacks jurisdiction to entertain Nelson's habeas challenge to her federal conviction and sentence. See Heredia v. Grondolsky, 2012 WL 5932061 (D. Mass. 2012) ("find[ing] that the instant case seeks Section 2255 relief through a Section 2241 petition, and that Section 2255 is not an inadequate or ineffective remedy to test the legality of petitioner's detention. Consequently, this Court lacks jurisdiction to consider petitioner's habeas challenges under Section 2241"). see also Owens v. Jett, 2011 WL 4860171, *3 (D. Minn. 2011) (court lacks jurisdiction over § 2241 petition unless petitioner shows that the § 2255 remedy is inadequate or ineffective).

## ORDER

Accordingly, it is hereby ORDERED that the motion to stay deportation (D. 9) is DENIED, the petition for a writ of habeas corpus (D. 1) is DENIED, and this action is DISMISSED in its entirety.

**SO ORDERED.**

                                           /s/ Denise J. Casper  
                                           Denise J. Casper  
                                           United States District Judge